```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
INTERNATIONAL SECURITIES            :
EXCHANGE, LLC,                      :
                                    :
                Petitioner,         :
                                    :
           -against-                :        OPINION
                                    :        06 Civ. 12878 (RLC)
                                    :
DOW JONES & COMPANY, INC.,          :
                                    :
                Respondent.         :
                                    :
------------------------------------X
```

APPEARANCES

DLA Piper US LLP
Attorneys for the Plaintiffs
1251 Avenue of the Americas
New York, NY 10020

    ANDREW L. DEUTSCH
        Of Counsel


Patterson Belknap Webb & Tyler LLP
Attorneys for Defendant Dow Jones & Company, Inc.
1133 Avenue of the Americas
New York, NY 10036

    ROBERT P. LOBUE
        Of Counsel

Weil, Gotshal & Manges LLP
Attorneys for Defendant The McGraw-Hill Companies, Inc.
767 Fifth Avenue
New York, NY 10153

    R. BRUCE RICH
        Of Counsel

ROBERT L. CARTER, District Judge

**BACKGROUND**

Plaintiffs International Securities Exchange, LLC ("ISE, LLC" or the "Exchange") and International Securities Exchange Holdings, Inc. ("ISE Holdings") (collectively referred to herein, except where distinct reference is required, as "ISE") filed this declaratory judgment action on November 2, 2006 against defendants Dow Jones & Company, Inc. ("Dow") and The McGraw-Hill Companies, Inc. ("McGraw-Hill").

Dow is the provider of the Dow Jones Industrial Average ("DJIA") and McGraw-Hill, through its Standard & Poor's ("S&P") division, is the provider of the S&P 500 Index (the "S&P 500"). The Chicago Board Options Exchange (the "CBOE"), pursuant to exclusive license agreements with Dow and McGraw-Hill, is the only options exchange that lists standardized options contracts on the DJIA (known by the ticker symbol "DJX") and the S&P 500 (known by the ticker symbol "SPX"). Given the exclusive license agreement, investors who wish to buy or sell such contracts may only do so on the CBOE. ISE claims that defendants have refused to grant a license permitting it and other options exchanges to list DJX and SPX options. Defendants claim that the unlicensed creation and listing of options on their indices, clearance of trades in those options, and settlement of the exercise of such options misappropriates alleged intellectual property rights in their indices and infringes their trademarks.

Plaintiffs seek a declaratory judgment that: (1) defendants state law claims based on unlicensed listing of indices options by ISE are preempted by the copyright act and that defendants cannot state an actionable copyright claim; (2) defendants cannot state an actionable claim based upon unlicensed listing of indices options by ISE; (3) ISE will not infringe defendants' trademarks by using those trademarks in connection with the unlicensed listing of options on defendants' indices.

-1-

In Illinois state court, Dow, McGraw-Hill and CBOE filed a three-count complaint against defendants ISE and OCC alleging: misappropriation (Count I), tortuous interference with prospective business advantage (Count II), and unfair competition (Count III). The Chicago Board Options Exchange et al. v. International Securities Exchange, LLC., No. 06 CH 24798 (Ill.. Cir. Ct. Nov. 5, 2006) [hereinafter, the "Illinois Action"]. The Illinois Action is based on the same set of facts and circumstances as this case and involves many of the same parties. Defendants removed the Illinois Action to federal court, claiming that Counts I and III are completely preempted by Section 301 of the Copyright Act, 17 U.S.C. § 301(a), and that Count II is similarly preempted or within the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. See The Chicago Board Options Exchange, Inc. et al v. International Securities Exchange, LLC, No. 06 Civ. 6852 (N.D.Ill.) [hereinafter the "Northern District of Illinois Action"]. Dow, McGraw-Hill and CBOE filed a joint motion in the Northern District of Illinois Action to remand the case to state court and defendants ISE and OCC filed a motion to stay the Northern District of Illinois Action until this court had an opportunity to rule on similar issues as to which court, the Northern District of Illinois, the Southern District of New York or a state court should hear the disputes between the parties. ISE and OCC also filed a motion in the Northern District of Illinois requesting that court to rule on their motion to transfer the litigation before it to the Southern District of New York before ruling on Dow, McGraw-Hill and CBOE's motion to remand the case to Illinois state court.

On December 22, 2006, defendants filed a motion with this court to dismiss or stay this action. Defendants argue that the court should stay this action pending a decision of the Northern District of Illinois on the issue of federal jurisdiction and/or that this court should exercise its discretion under the declaratory judgment action to decline jurisdiction and either

-2-

dismiss or stay this action. Plaintiffs filed a motion in this court for an order staying the Northern District of Illinois Action on January 19, 2007.

However, on February 23, 2007, before this court had an opportunity to decide either Plaintiffs' January 19, 2007 motion to stay the Northern District of Illinois Action or Defendants' December 22, 2006 motion to stay or dismiss, Judge Robert W. Gettleman for the Northern District of Illinois issued an opinion. In his opinion, Judge Gettleman granted plaintiffs' motion to remand the Northern District of Illinois Action to the Circuit Court of Cook County because plaintiffs claims in that action are not completely preempted by federal copyright law; and denied defendants' motions to stay and transfer as moot. Chicago Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC, No. 06 Civ. 6852, 2007 WL 604984 (N.D. Ill. Feb. 23, 2007) [hereinafter, the "Remand Order" or the "Northern District of Illinois' Remand Order"]. On April 12, 2007, this court ordered the parties to submit additional briefing on the effect, if any, of the Northern District of Illinois' Remand Order on the issues pending before this court.

Plaintiffs here conceded that the Northern District of Illinois's Remand Order rendered its motion to this court to stay the Northern District of Illinois Action moot. See Ltr. to this court from Andrew L. Deutsch (Feb. 26, 2007) ("ISE Feb. 26 Ltr."). Thus, currently before the court is defendants' motion to dismiss or stay this action in the Southern District of New York.

## DISCUSSION

Defendants argue that this court need not reach the question of its subject matter jurisdiction over the action nor must it evaluate ISE's copyright preemption argument. Instead, this court should abstain from hearing this dispute in deference to the pending Illinois state court action.

- 3 -

In response, plaintiffs argue that this court should not abstain from hearing this dispute in deference to the pending Illinois state court action, that the remand order in the Northern District of Illinois Action was improperly reasoned, and that the disputes between the parties are, in fact, completely preempted by federal copyright law and properly pending before this court.

District courts have discretion to decide whether or not to hear a declaratory judgment. Federal Declaratory Judgments Act, 28 U.S.C.A. §2201(a) ("In a case of actual controversy within its jurisdiction . . . any court of the United States, upon filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought. . . .") (emphasis added).  District courts are authorized, in the sound exercise of discretion, to stay or to dismiss an action seeking a declaratory judgment where there is a parallel state court proceeding regardless of which proceeding was filed first.  Wilton v. Seven Falls Co., 515 U.S. 277 (1995).  Without expressing any opinion on either the Northern District of Illinois' remand order or whether the declaratory judgment defendants' claims are preempted by federal copyright law, while recognizing that important federal questions may in fact be present here, this court will stay the action pending final decision by the Illinois state court.  See Wilton, 515 U.S at 288 n.2 ("where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy").

## CONCLUSION

This action is STAYED pending determination by the Illinois state court in <u>The Chicago Board Options Exchange et al. v. International Securities Exchange, LLC.</u>, No. 06 CH 24798.

**IT IS SO ORDERED**

DATED: New York, New York
July 24, 2007

**ROBERT L. CARTER**
**U.S.D.J.**