

*[Handwritten annotation across top of letter:]* The status conference shall be held as scheduled. See separate order. 8-17-12 [signed] A.K. Hellerstein

**DLA PIPER**

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Andrew L. Deutsch
andrew.deutsch@dlapiper.com
T 212.335.4880
F 212.884.8580

*[Stamp: RECEIVED AUG 15 2012 CHAMBERS ALVIN K. HELLERSTEIN U.S.D.J.]*

*[SDNY filing stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 8/17/12]*

August 14, 2012
*VIA UPS*

The Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re: **International Securities Exchange, LLC v. Dow Jones & Co., Inc., et al., 06 Civ. 12878 (AKH)**

Dear Judge Hellerstein:

    We are counsel for International Securities Exchange, LLC ("ISE"), the plaintiff in the above-captioned action (the "Southern District Action"). The Southern District Action was originally assigned to the late Judge Robert L. Carter and thereafter was reassigned to Your Honor's docket.

    On August 9, 2012, we received a notice of status conference for August 24, 2012 (attached). We have conferred with counsel for defendant The McGraw-Hill Companies, Inc. ("McGraw-Hill") and for the successor-in-interest to defendant Dow Jones & Co., Inc. ("Dow Jones"), and all parties join in this request that the Court adjourn the scheduled status conference *sine die*, for the reasons described below. There have been no previous requests made for adjournment of this status conference.

    Briefly, this action was commenced by ISE on November 2, 2006. ISE sought a declaratory judgment that its proposed listing of exchange-traded options on the S&P 500 Index (provided by McGraw-Hill) and the Dow Jones Industrial Average (the "DJIA") (provided at that time by Dow Jones), without a license from McGraw-Hill or Dow Jones, would not infringe on, or misappropriate, any intellectual property rights of those parties.

    On November 15, 2006, McGraw-Hill, Dow Jones, and Chicago Board Options Exchange, Inc. ("CBOE"), commenced an action (the "Illinois Action") against ISE and The Options Clearing Corporation ("OCC") in the Circuit Court of Cook County, Illinois. OCC is the clearinghouse for U.S. standardized options exchanges; it issues options contracts and facilitates the clearing of traded options and the settlement of exercised options. The Illinois Action is captioned *The Chicago Board Options Exchange et al. v. International Securities Exchange, et al.*, No. 06 CH 24798. The complaint in the Illinois Action alleged that ISE's listing of S&P 500 Index and DJIA options without a license would constitute misappropriation



and unfair competition under Illinois law. The plaintiffs in that case sought an injunction against ISE listing or making a market in S&P 500 Index and DJIA options, and against OCC facilitating such listing.

Subsequently, McGraw-Hill and Dow Jones made a motion to Judge Carter which sought either dismissal of the Southern District Action, or a stay of that action pending conclusion of the Illinois Action. On July 24, 2007, Judge Carter issued an opinion and order in which he stated that "This action is STAYED pending determination by the Illinois state court in *The Chicago Board Options Exchange et al. v. International Securities Exchange*, No. 06 CH 24798." A copy of that opinion and order is enclosed. The Second Circuit subsequently affirmed this order, holding that Judge Carter had not abused his discretion.

Thereafter, McGraw-Hill, CME Group (as successor-in-interest to Dow Jones with respect to the DJIA), and CBOE moved in the Illinois Action for partial summary judgment on their misappropriation and unfair competition claims, and ISE moved for summary judgment of dismissal of those claims on grounds that included preemption by federal copyright law.

On July 8, 2010, the Circuit Court of Cook County, Illinois, entered an opinion granting the partial summary judgment motion of McGraw-Hill, CME Group and CBOE, and enjoining ISE and OCC from listing or facilitating the listing of S&P 500 Index and DJIA options. That court denied ISE's motion for summary judgment. ISE appealed from this order, and, on May 25, 2012, the Illinois Appellate Court, First District, issued an opinion affirming the Circuit Court ruling. *Chicago Board Options Exch., Inc. v. Int'l Sec. Exch., LLC*, Nos. 1-10-2228, 1-10-2252, 2012 WL 1956853 (Ill. App. Ct. 1st Dep't May 25, 2012).

ISE has now filed a petition for leave to appeal from the opinion of the Illinois Appellate Court with the Supreme Court of Illinois, and McGraw-Hill, CME Group, and CBOE have filed a brief in opposition to that petition. It is expected that the Supreme Court of Illinois will decide whether or not to grant ISE's petition by the end of 2012. If the petition is denied, ISE will have the option of seeking review of the Illinois Appellate Court ruling by the United States Supreme Court through a petition for writ of certiorari. If the petition is granted, the parties anticipate that a decision by the Supreme Court of Illinois will be forthcoming some time in 2013. There remains the possibility that one or both parties could seek United States Supreme Court review from a ruling by the Supreme Court of Illinois.

All the parties to the Southern District Action believe that the effect of Judge Carter's order is to stay the Southern District Action through the completion or exhaustion of all available appeals in the Illinois Action. The parties believe that a status conference in the Southern



The Honorable Alvin K. Hellerstein
August 13, 2012
Page Three

District Action at this time would be unwarranted, as the only information that we could provide to Your Honor at a conference is the procedural history and status of the Illinois Action, which is set forth in this letter.

The parties therefore respectfully request that the Court adjourn the scheduled status conference *sine die*. When all appeals have been concluded or exhausted in the Illinois Action, the parties will so inform the Court, and a status conference can be scheduled at that time. This request is without prejudice to any party's right to seek modification or vacatur of the stay order at an earlier time.

Respectfully yours,

Andrew L. Deutsch

Enclosures

cc:   Counsel of record