```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/18/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
INTERNATIONAL SECURITIES EXCHANGE,                             :
LLC and INTERNATIONAL EXCHANGE                                 :   **OPINION AND ORDER**
HOLDINGS, INC.,                                                :   **DISMISSING COMPLAINT**
                                                               :   **BECAUSE BARRED BY RES**
                                            Plaintiffs,        :   **JUDICATA AND DENYING**
            -against-                                          :   **MOTION TO AMEND**
                                                               :   **COMPLAINT BECAUSE FUTILE**
S&P DOW JONES INDICES, LLC,                                    :
                                                               :   06 Civ. 12878
                                            Defendant.         :
                                                               :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      This lawsuit is seven years old. For much of its life, it lay dormant, while an identical lawsuit played out in the Illinois courts. That companion lawsuit has now been completed and a judgment in favor of defendant S&P Dow Jones, LLC ("Dow Jones") and its predecessors has become final. The Appellate Court of Illinois affirmed the judgment in favor of Dow Jones, and the Supreme Court of the United States denied <u>certiorari</u>. Now International Securities Exchange, LLC and its affiliate, International Exchange Holdings, Inc., (collectively "ISE"), the losing parties in the Illinois courts, seek to return to this Court, to litigate again the very issues that they lost in the Illinois courts. I hold that ISE cannot do so, that full faith and credit is to be given to the final judgment of the Illinois courts, and that ISE's lawsuit in this court is barred because of <u>res judicata</u>.

### The Dispute Between the Parties

      Dow Jones, the defendant in this court, and predecessor companies, created and maintains two widely-used stock indices, intended to reflect composite values and price movements of all U.S. securities. Dow Jones claims that the indices are proprietary and cannot

be usurped or used except pursuant to license. The two indices are the S&P 500 Index ("S&P 500") and the Dow Jones Industrial Average ("DJIA"). The S&P 500, created in 1957, reflects a value that is a composite of the stock of 500 large U.S. companies. The DJIA, created in 1896, reflects a value that is the composite of thirty U.S. companies that are leaders in their respective industries. Dow Jones updates the indices throughout each day's trading sessions. Periodically, it modifies the composition and weighting of stocks, striving for as accurate a reflection of the status of American markets as practically can be achieved. Dow Jones considers both indices as proprietary and licenses the right to use them to others.

ISE, the plaintiff in this court, operates a securities exchange that lists various options and other securities to be bought and sold. This litigation arose when ISE proposed, without a license, to list put and call options on the S&P 500 and the DJIA.

ISE proposes to list options on the S&P 500 and the DJIA, on a cash-settled basis, settled, that is, by the issuer to the holder, according to how much the price of the options rose or fell, as between the "strike" price of the option (the price stated on the option), and the market price at the expiration date of the option. Unlike a conventional option on a stock security or commodity, the holder of the proposed ISE option has no right to any underlying asset. Rather, the ISE proposed options are "bet[s] on the future value of the [S&P 500 or DJIA] index." Dow Jones & Company, Inc. v. International Securities Exchange, Inc., 451 F.3d 295, 301 n.6 (2d Cir. 2006). "If at the expiration date the index is above the value stated in the option contract, the holder of a call option has the contractual right to receive [the appreciated value]." Id. And, conversely, holders of put options have the contractual right to receive the depreciated value.

Dow Jones has licensed its indices exclusively to the Chicago Board Options Exchange, Inc. ("CBOE"), for use as bases for options listed by the CBOE. ISE, without a license from, or the payment of license fees to, Dow Jones, proposes to compete directly with the CBOE. Hence, the charge that ISE proposes to engage in unfair competition, to the detriment of both Dow Jones and CBOE.

**The Prior Proceedings**

ISE filed an action in this Court against Dow Jones on November 2, 2006, for a declaration of right to list the options for trading without a license. ISE alleged that Dow Jones' claims of exclusive proprietary interest under state law were preempted by the federal copyright laws, that Dow Jones could not state an actionable copyright claim, and that ISE did not infringe Dow Jones' trademarks.

Two weeks later, on November 15, 2006, CBOE and Dow Jones sued ISE and its clearing agent, The Options Clearing Corporation ("OCC"), in the Circuit Court of Cook County, Illinois. Chicago Board Options Exchange v. International Securities Exchange, LLC, No. 06 CH 24798. Dow Jones and CBOE alleged that, under Illinois law, the options ISE proposed to list for trading would misappropriate Dow Jones' proprietary rights in the indices and its "substantial investment of resources, skill, judgment, creativity and efforts required to develop and maintain" the indices, thereby engaging in the torts of unfair competition and tortious interference with the Dow Jones – CBOE business relationship.

ISE removed the case from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, alleging that the Illinois plaintiffs' misappropriation and unfair competition claims were completely preempted by federal copyright law. The Northern District of Illinois rejected the argument. Chicago Board Options Exchange

3

v. International Securities Exchange, LLC, 06 C 6852, 2007 WL 604984 (N.D. Ill. Feb. 23, 2007). The district court held that section 301 of the Copyright Act, 17 U.S.C. § 301, provides for the preemption of state law rights only if two requirements are met: <u>the subject matter requirement</u>—that the rights "come within the subject matter of copyright as specified by sections 102 and 103"—and <u>the scope requirement</u>—that the rights "are equivalent to any of the exclusive rights within the general scope of copyright as specified by § 106 in works of authorship that are fixed in a tangible medium of expression." 17 U.S.C. § 301. The Northern District of Illinois concluded that the Illinois plaintiffs' claims did not meet either of these requirements. 2007 WL 604984, at *5. They did not meet the subject matter requirement because the claims were based on the defendants' intended use of plaintiffs' research and development used to create the indices, in addition to goodwill, skills, labor, reputation, and necessary expenditures, not the defendants' use of them as works of authorship. Id. And they did not meet the scope requirement because the Illinois plaintiffs were concerned with ISE's unlicensed use of the indices for profit, rather than its intention to copy the numbers produced by the indices. Id. Accordingly, the Northern District of Illinois remanded the case to the Circuit Court of Cook County. Id.

   Following the remand, Dow Jones moved for a stay in this Court while the Cook County action proceeded. On July 25, 2007, Judge Robert L. Carter of this Court stayed this case pending resolution of the Illinois state court action. <u>Int'l Sec. Exch., LLC v. Dow Jones & Co., Inc.</u>, 06 Civ. 12878 (RLC), 2007 WL 2142068 (S.D.N.Y. July 25, 2007), aff'd 07-3324-CV, 2009 WL 46889 (2d Cir. Jan. 8, 2009) (unpublished). Judge Carter noted that under <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 288 n.2 (1995), district courts have discretion regarding whether to hear declaratory judgment actions and may, in the interest of justice, stay a declaratory

4

judgment action pending the resolution of state court proceedings concerning the same issue. Id. Exercising that discretion, Judge Carter stayed this case "[w]ithout expressing any opinion on either the Northern District of Illinois' remand order or whether the declaratory judgment defendants' claims are preempted by federal copyright law . . ." Id.

After discovery in the Illinois case, the parties moved for summary judgment. On July 8, 2010, Dow Jones obtained judgment against ISE and OCC in the Circuit Court of Cook County. The Circuit Court rejected ISE's defense that the state law misappropriation and tortious interference claims against it were preempted by federal copyright law. Specifically, the court concluded that section 301 of the Copyright Act did not require preemption because neither the subject matter requirement nor the scope requirement was met. The court concluded that the subject matter requirement was not met because the Illinois plaintiffs' claims were premised on the exploitation of their "research efforts, skills, expertise, reputation and goodwill," intangible assets that were not protected by copyright because they could not be fixed in a medium, rather than the copying of published index values. And it concluded that the scope requirement was not met because the Illinois plaintiffs did not object to ISE copying the index numbers, and because ISE's use of those numbers was "incidental" to the way it would profit from the options.

Having concluded that the state law claims were not preempted, the Circuit Court conducted a choice of law analysis and concluded that, since there was no conflict between Illinois and New York law, Illinois law would apply as the law of the forum state. The Circuit Court then concluded that under the Supreme Court of Illinois' decision in The Board of Trade of the City of Chicago v. Dow Jones & Co., Inc., 98 Ill.2d 109 (1983), ISE's listing of options would constitute misappropriation. Board of Trade held that the offering of a futures contract based on the DJIA would violate the index's owner's proprietary rights because "[t]he

publication of the indices involves valuable assets of defendant, its good will and its reputation for integrity and accuracy." 98 Ill.2d at 121-22. The Circuit Court concluded that <u>Board of Trade</u> was not distinguishable. Accordingly, it entered judgment for Dow Jones and CBOE (the "Illinois judgment"), permanently enjoining ISE from offering S&P 500 or DJIA index options and OCC from clearing or settling such index options for ISE.

ISE appealed. On May 25, 2012, the Illinois Appellate Court affirmed, concluding that the Illinois plaintiffs' state law claims were not preempted by the Copyright Act and that ISE's proposed listing of options constituted misappropriation under <u>Board of Trade</u>. <u>Chicago Board Options Exchange, Inc. v. International Securities Exchange, LLC</u>, 973 N.E.2d 390 (Ill. App. Ct. 1st Dist. 2012). On September 26, 2012, the Illinois Supreme Court denied ISE leave to appeal. 979 N.E.2d 875 (Ill. 2012). ISE then sought review from the United States Supreme Court which, on May 13, 2013, denied <u>certiorari</u>. 133 S.Ct. 2339 (2013).

The parties then returned to this Court, and each side filed a motion. ISE moved for leave to file a First Amended Complaint, to make three changes: First, ISE proposed to update the allegations supporting ISE's first cause of action, seeking a declaration that Dow Jones' state law claims are preempted and that Dow Jones cannot state a legally sufficient copyright claim. Second, ISE proposed to dismiss its second cause of action, seeking a declaratory judgment of non-infringement of certain trademarks. And third, ISE proposed to add CBOE and OCC as defendants.

Dow Jones opposed ISE's motion and moved to dismiss the complaint, arguing, <u>inter alia</u>, that full faith and credit must be given to the Illinois judgment and that ISE's claims in this Court are therefore barred by <u>res judicata</u>.

## Discussion

**The Parties' Continuing Dispute is Within the Court's Jurisdiction**

There clearly is a case and controversy before me, and I have jurisdiction to adjudicate it. There is a "definite and concrete [dispute], touching the legal relations of parties having adverse legal interests," that is "real and substantial" and "admi[ts] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quotations omitted). ISE proposes to list options on the indices without a license, and Dow Jones opposes ISE's right to do so. The Illinois Judgment did not end the controversy: by this action, ISE is engaging in a collateral attack against that judgment, arguing that it should be declared void. Thus the parties' dispute continues, and I have jurisdiction to hear it. Dow Jones' argument to the contrary is without merit.

**The Rationale of the Illinois courts in Favor of Dow Jones**

The litigation before the Illinois courts turned on whether Dow Jones had intellectual property rights in the manner in which it put together its indices that was separate from the protection afforded by copyright law. This issue, of what intellectual property can be protected by state law, has been threading through the law since the Supreme Court's decisions in Int'l News Serv. v. Associated Press, 248 U.S. 215 (1918), which addressed the availability of claims based on the misappropriation of 'hot news,' and Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225 (1964), which recognized important limitations on unfair competition doctrine.

The Illinois courts answered in favor of continuing protection of intellectual property under state law, concluding that Illinois state law protected Dow Jones' intellectual property in the indices in a manner separate from copyright law. The Illinois courts concluded

that Dow Jones' rights were not preempted by section 301 of the Copyright Act as neither the subject matter requirement or the scope requirement was met, because the indices were not works of authorship that could be fixed in a tangible medium and Dow Jones' claim was based on ISE's wrongful use of the research and reputation that made the indices valuable, not ISE's copying of the indices on the values of the Indices at particular times. See Chicago Board Options Exchange, Inc., 973 N.E.2d at 397-98. The Appellate Court explained that its conclusion that there was no preemption was buttressed by "the legislative history of the 1976 amendment [to the Copyright Act], our supreme court case law, and federal case law." Id. at 398.

The Appellate Court reasoned that a House of Representatives committee report in support of the 1976 amendment indicated that Congress did not intend to preempt state law protection of financial databases, because it stated that:

> state law should have the flexibility to afford a remedy . . . against a consistent pattern of unauthorized appropriation by a competitor of the facts . . . constituting 'hot' news, whether in the traditional mold of International News Service . . ., <u>or in the newer form of data updates from scientific, business, or financial data bases</u>.

Id. at 399 (quoting H.R.Rep. No. 94–1476, at 132 (1976), reprinted in 1976 U.S.C.C.A.N. 5659 at 5748; emphasis added by the Appellate Court).

The Appellate Court found that the House Report was consistent with the Illinois Supreme Court's decision in Board of Trade. In Board of Trade, the Illinois Supreme Court recognized a misappropriation claim based on the unlicensed use of intellectual property rights in an index because the value of the index depended on the publisher's "good will and [] reputation

for integrity and accuracy." 98 Ill. 2d at 121. The Appellate Court reasoned that the Board of Trade court's "conspicuous silence" on whether copyright law preempted the misappropriation claim "necessarily means, by logical deduction, that a misappropriation claim of the type advanced by the plaintiffs is not preempted." Chicago Board Options Exchange, Inc., 973 N.E.2d at 400.

The Appellate Court further found that its reasoning was supported by cases from within this Circuit: Dow Jones, 451 F.3d 295, and Standard & Poor's Corp. v. Commodity Exchange, Inc., 538 F.Supp. 1063 (S.D.N.Y. 1982) ("Comex I"), aff'd, 683 F.2d 704 (2d Cir. 1982) ("Comex II"). Id. at 400-01. The Appellate Court reasoned that Dow Jones' teaching, that the unlicensed trading of options on exchange-traded funds (publicly traded financial products like the indices and based on them as derivatives) were not covered by federal copyright law, indicated that ISE's proposed options on the indices were also not covered. Id. at 401 (citing Dow Jones, 451 F.3d at 302 n. 8). The Appellate Court ruled that a claim of misappropriation of intellectual property in an index of securities was a valid claim and was not preempted by copyright law. Id. at 401.

**Full Faith and Credit**

As a district judge, it is my obligation to give full faith and credit to the proceedings of the Illinois courts. The Constitution's Full Faith and Credit Clause provides:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

Art. IV, § 1.3. Congress has given effect to that clause by enacting the Full Faith and Credit Act, which in turn provides:

9

> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738. The Act's purpose is to "avoid[] relitigation in other states of adjudicated issues." Sutton v. Leib, 342 U.S. 402, 407 (1952). Accordingly, the Act gives "the judgment of [a] rendering State . . . nationwide force." Baker by Thomas v. Gen. Motors Corp., 522 U.S. 222, 233 (1998).

Under the Full Faith and Credit Act, I am to give the Illinois Judgment "the same weight that it would receive in the courts of [Illinois]." Marrese v. Am. Acad. of Orthopedic Surgeons, 470 U.S. 373, 381 (1985).

**ISE's Attack on the Illinois Judgment**

Nevertheless, ISE argues that I should declare the Illinois Judgment void. ISE argues that the Illinois courts did not have jurisdiction to consider Dow Jones' claims of misappropriation because they were preempted by federal copyright law. ISE maintains that the Second Circuit would so hold, and that Board of Trade, the precedent that the Illinois courts followed, does not state New York, or Second Circuit law. See Nat'l Basketball Ass'n v. Motorola, Inc., 105 F.3d 841 (2d Cir. 1997) (holding that a listing of real-time, partial game, basketball scores were covered, but were not protected, by copyright law, and that copyright law preempted state law misappropriation claims based on the listing). See also Comex II, 683 F.2d 7at 712 (Newman, J., concurring) (suggesting that third-party companies might be free to base contracts on the value of indices without a license from the indices' owner); Dow Jones, 451

F.3d 295 (holding that ISE could list options on electronically traded funds that track the S&P 500 and the DJIA without a license).[1]

**ISE's lawsuit in this court is barred under Illinois preclusion rules**

Under the Full Faith and Credit Act and Illinois preclusion rules, I am not free to address these issues, for the Illinois Judgment, that resolved the parties' dispute, must be given "the same weight that it would receive in the courts of [Illinois]." Marrese, 470 U.S. at 381. Illinois courts give preclusive effect to a final judgment issued by a court of "competent jurisdiction." Simcox v. Simcox, 131 Ill.2d 491, 496 (1989). Since the case before me is between the same parties, and concerns the same issues that were litigated and fully resolved in the Illinois action, the principles of res judicata and collateral estoppel bar me from re-examining the issue of preemption that ISE proposes to relitigate.

ISE argues that res judicata does not apply because the copyright laws ousted the Circuit Court of Cook County from subject matter jurisdiction. But, the Illinois courts decided that very same issue against ISE, and the United States Supreme Court denied ISE's petition for certiorari on that very issue. Indeed, ISE had removed the case from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, only to have the district court remand it back to the state courts of Illinois, rejecting ISE's claim of exclusive and preemptive federal copyright jurisdiction.

A prior court's determination of its subject matter jurisdiction is binding and is not subject to collateral attack.[2] See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de

---

[1] Dow Jones in turn argues that these cases support its own position: that the Illinois state law misappropriation claims were not preempted.

[2] The Northern District of Illinois's decision lacks res judicata or collateral estoppel effect. See Kircher v. Putnam Funds Trust, 547 U.S. 633, 646-47 (2006) (noting that "[c]ollateral

Guinee, 456 U.S. 694, 702 n.9 (1982) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not . . . reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal."); Durfee v. Duke, 375 U.S. 106, 111 (1963) ("[T]he general rule [is that] a judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment."). This rule, of course, applies whether the prior court's decision was "correct or not." Turnbow v. Pac. Mut. Life Ins. Co., 934 F.2d 1100, 1103 (9th Cir. 1991) (quotation omitted). The binding effect of the final judgment of the Illinois courts in favor of Dow Jones not change according to whether its reading of unfair competition law was "correct or not" according to the law of copyright in the Second Circuit.

ISE argues that instead of following the general rule articulated in Ins. Corp. of Ireland and Durfee, Illinois law allows a party to collaterally attack a prior decision if the first court erred in concluding that it had subject matter jurisdiction. Thus, according to ISE, the Second Circuit's interpretation of the scope of federal copyright law is basis to oust the Illinois courts of their jurisdiction and re-examine their final judgment.

ISE's argument is without merit, for it violates two core principles of judicial federalism: this Court's obligation to give full faith and credit to the decisions of the Illinois courts and the United States Supreme Court's holding that the state courts are "equally competent" to decide the reach of federal defenses, including defenses arising from copyright

---

estoppel should be no bar to [a state court revisiting an issue decided by a district court remanding a case], given that § 1447(d) prevents the [defendant] from appealing the District Court's decision").

12

laws. Kircher, 547 U.S. at 646 (citing Missouri Pacific R. Co. v. Fitzgerald, 160 U.S. 556, 583 (1896)).

Illinois law does not allow the kind of collateral attacks that ISE advocates. A century ago, in Chicago Title & Trust Co. v. Nat'l Storage Co., the Illinois Supreme Court held that preclusion "applies to questions arising upon an issue as to the jurisdiction of the court as fully and completely as to questions arising upon the trial of the case upon its merits." 260 Ill. 485, 494 (1913). That rule still applies. See, e.g., Moore v. Illinois Pollution Control Bd., 203 Ill. App. 3d 855, 861 (5th Dist. 1990) ("Once a question of jurisdiction of the subject matter of a suit has been determined on appeal, just as it cannot be attacked collaterally in a later proceeding, it cannot be attacked in a later appeal; the doctrine of res judicata is fully applicable and precludes the raising of the issue.").

ISE, rather than distinguishing Chicago Title and its progeny, relies on a separate line of Illinois cases which have held that a judgment can be collaterally attacked as void "where there is a total want of jurisdiction in the court which entered the judgment, either as to the subject matter or as to the parties." In re Marriage of Mitchell, 181 Ill.2d 169 (1998) (quoting Johnston v. City of Bloomington, 77 Ill.2d 108, 112 (1979)) (emphasis added). However, these cases are inapposite. The Circuit Court of Cook County is a court of general jurisdiction. It had jurisdiction over the parties, over the subject matter of the action, and over the defenses presented against the action. ISE has not identified, and the Court's research has not found, any case applying ISE's argument of "total want of jurisdiction" to allow a collateral attack on a prior

court's decision where, as here, the jurisdictional issue has been fully explored and ruled on by the prior court.[3]

Under Illinois law, "[a] party may attack a judgment as void <u>only</u> when jurisdiction is <u>totally wanting</u>." <u>Larson v. Pedersen</u>, 349 Ill. App.3d 203, 207 (2d Dist. 2004) (emphasis added). The Illinois Supreme Court has explained the limits of the total want of jurisdiction exception:

> Jurisdiction of the subject-matter is the power to adjudge concerning the general question involved, and, if a [complaint] states a case belonging to a general class over which the authority of the court extends, the jurisdiction attaches, and no error committed by the court can render the judgment void.

<u>Miller v. Rowan</u>, 251 Ill. 344, 348 (1911).

The Circuit Court of Cook County is a court of general jurisdiction. The court had jurisdiction over the parties. Clearly, the Circuit Court had the power to act on a complaint that states a claim under Illinois law. And clearly, the Circuit Court had "the power (i.e., jurisdiction) to determine whether it has jurisdiction." <u>In re Marriage of Duggan</u>, 376 Ill. App. 3d 725, 732 (2d Dist. 2007). Part of that power was the authority to determine the applicability of ISE's alleged defense, that the court was barred from acting because of federal preemption.

---

[3] ISE cites three cases as examples of Illinois courts allowing a collateral attack on a decision for want of jurisdiction. Each is inapposite. In <u>In re Marriage of Hulstrom</u>, 794 N.E.2d 980, 988 (Ill. App. 2d Dist. 2003), the Appellate Court voided a marriage settlement approved by a prior court, because the trial court did not have jurisdiction, under the federal Social Security Act, to divide the parties' social security benefits and in <u>Davis v. Haas & Haas Inc.</u>, 694 N.E.2d 588, 591 (Ill. App. 3d Dist. 1998), the Appellate Court found that a decision of the Illinois Human Rights Commission could be collaterally attack because the Commission did not have subject matter jurisdiction over a cause of action based on the identity of an employee's spouse. However, unlike in this case, the jurisdictional issue was never litigated before the trial court in <u>In re Marriage of Hulstrom</u> or the Human Rights Commission in <u>Davis</u>. The third case that ISE relies on, <u>Kibbons v. City of Kankakee</u>, No. 3–12–0036, 2013 WL 870252 (Ill. App. 3 Dist. Mar. 7, 2013), was in fact a direct appeal, not a collateral attack.

See, e.g., Krasinski v. United Parcel Serv., Inc., 124 Ill.2d 483, 492-94 (1988) (analyzing whether state laws were preempted); Abraham v. Int'l Union United Auto., Aircraft & Agr. Implement Workers of Am., 19 Ill. App.3d 1008, 1010 (1st Dist. 1974) (concluding that "jurisdiction over the basic legal issues presented by this record has been preempted by Federal law"). Clearly, there was no "total want" of jurisdiction since the Circuit Court had the power to determine whether federal preemption applied. In other words, the Circuit Court had the "competent jurisdiction," Simcox, 131 Ill. 2d at 496, to rule on the preemption issue and ISE is therefore estopped from challenging the court's conclusion that preemption did not apply. See also Marrese, 470 U.S. at 381; Kircher, 547 U.S. at 646.

In sum, having had a full and fair opportunity to litigate the preclusion issue in the Illinois courts, ISE cannot now collaterally attack the Illinois Judgment. ISE is bound by the Circuit Court's ruling. That ruling precludes ISE's claims against Dow Jones because it involved the same parties, and the same underlying facts, issues, and causes of action as this case. Id. I therefore grant Dow Jones' motion to dismiss, and dismiss ISE's complaint with prejudice "[a]s re-pleading would not change this fundamental deficiency." McGee v. State Farm Mut. Auto. Ins. Co., 08-CV-392 FB CLP, 2009 WL 2132439, at *6 (E.D.N.Y. July 10, 2009).

ISE's motion to file an amended complaint is denied also because of the preclusive effect of the Illinois Judgment. "[I]t is well established that leave to amend a complaint need not be granted when amendment would be futile." Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003). ISE's proposed amendments would be "futile," id., since they would not alter the fact that ISE's claims against Dow Jones regarding the options are res judicata and

because the Illinois Judgment is also res judicata as to ISE's claims against CBOE and OCC, since they were also parties to the Illinois proceedings. See Simcox, 131 Ill. 2d at 496.[4]

## Conclusion

For the foregoing reasons, Dow Jones' motion to dismiss is granted, ISE's complaint is dismissed with prejudice and ISE's motion for leave to file an amended complaint is denied. The Clerk shall mark the motions (Doc. Nos. 59 and 62) terminated and the case closed.

SO ORDERED

Dated:    December **17**, 2013
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

---

[4] In light of this decision, I do not address Dow Jones' additional argument that ISE, under the Rooker-Feldman doctrine, cannot ask this Court to review a prior court's decision. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).